[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action for failure of defendant to pay some $43,826.18 being a portion of the purchase price of some 125 motor vehicles. The defendant by way of three special defenses alleges an accord and satisfaction; mutual mistake and mistake as to "the purchase price per motor vehicle." The plaintiff denies all three.
Facts
On or about January 1990 the parties began to negotiate about the purchase of vehicles. In March 1990 the defendant agreed to buy from the plaintiff a total of 125 vehicles "on a double net basis." Plaintiff delivered 20 of those vehicles to defendant on or about April 25, 1990; 27 on or about April 26, 1990; 30 on or about May 1, 1990; 1 on or about May 7, 1990; 6 on or about May 9, 1990; 2 on or about May 15, 1990; 7 on or about May 17, 1990; 15 on or about May 18, 1990; and 1 on or about May 21, 1990.
Defendant admitted its agreement was "inadvertent" and in final agreement conceded that it is responsible to pay plaintiff in accordance with plaintiff's calculations of "net" for the first 20 cars.
Plaintiff has proven a contract to sell 3 different models of cars to defendant. The price was fixed as defendant admits.
The court finds no inequitable conduct or fraud on either side. CT Page 1612
The defendant has failed to sustain its burden of proof as to any of its special defenses.
There is due the plaintiff $42,377.48.
The rate for any interest on that sum is set by General Statutes 37-3a at 10% per year. The court finds that any possible questions the defendant may have had in regard to the purchase price per car is solely due to its own casual approach to this contract. As of September 1, 1990 the defendant had no excuse for non-payment and thus interest shall be awarded from that date to this at 10% per annum on the debt of $42,377.48.
N. O'Neill, J.